UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-0013 (WMW/DTS) |
| Plaintiff, | **ORDER ON MOTIONS IN LIMINE** |
| v. | |
| Brett Palkowitsch, | |
| Defendant. | |

This matter is before the Court on Plaintiff United States of America's seven motions in limine, (Dkts. 41, 42, 43, 44, 45, 46, 47), and Defendant Brett Palkowitsch's four motions in limine, (Dkts. 60, 62, 64, 77). The Court addresses each motion in turn.

## I. The United States's Motions

### A. Use-of-Force Testimony

The United States moves to exclude five categories of the proposed testimony of Mark Bruley, Palkowitsch's use-of-force expert. (Dkt. 41.) Specifically, the United States seeks to exclude: (1) testimony as to Palkowitsch's mental state; (2) testimony that Palkowitsch's use of force was "lawful," "reasonable," or "appropriate;" (3) testimony referencing otherwise inadmissible evidence; (4) testimony instructing the jury on the legal standard governing Palkowitsch's use of force; and (5) testimony resolving disputed issues of fact.[1]

---

[1] In opposing the motion of the United States, Palkowitsch argues that any evidentiary rulings on these issues should be applied to both parties' experts equally. Although Palkowitsch has not cross-moved to limit the testimony of the United States's

1.  **Testimony Regarding Palkowitsch's Mental State**

The United States moves to preclude Bruley from offering an opinion on Palkowitsch's mental state at the time of the incident at issue in this case. Rule 704(b) of the Federal Rules of Evidence provides that, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Palkowitsch is charged with violating 18 U.S.C. § 242. To convict Palkowitsch under that statute, the United States must prove beyond a reasonable doubt four elements, including that Palkowitsch acted willfully. In other words, the United States must prove that Palkowitsch acted with the "specific intent to deprive [Frank Baker] of his constitutional rights." *United States v. Boone*, 828 F.3d 705, 711 (8th Cir. 2016). Because Palkowitsch's mental state is an element of the charged offense, the United States's motion is granted as to opinions pertaining to Palkowitsch's mental state.

2.  **Testimony Whether Palkowitsch's Use of Force Was Lawful**

The United States moves to prohibit Bruley from testifying as to the reasonableness of Palkowitsch's use of force against Baker because it is an impermissible legal conclusion. While statements of legal conclusions that are not grounded in a fact-based opinion may properly be excluded, *see Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995), "[a]n opinion is not objectionable just because it embraces an

---

expert, the Federal Rules of Evidence apply equally to both parties and the Court will enforce them as such.

ultimate issue," Fed. R. Evid. 704(a). For expert testimony to be admissible, however, it must be helpful to the trier of fact. Fed. R. Evid. 702(a); *Lee v. Anderson*, 616 F.3d 803, 808 (8th Cir. 2010). Opinions that merely tell the jury the result to reach are not admissible. *Lee*, 616 F.3d at 809 (citing Fed. R. Evid. 704 advisory committee's note). Here, the ultimate question is whether Palkowitsch's use of force against Baker was reasonable. Allowing Bruley to testify as to the reasonableness of Palkowitsch's use of force would necessarily allow opinion testimony that merely tells the jury the result to reach. This fact, without more, does not render such testimony inadmissible. But testimony about the reasonableness of Palkowitsch's use of force is not otherwise helpful and, therefore, not admissible. For this reason, the United States's motion is granted as to opinions pertaining to the reasonableness of Palkowitsch's use of force.

### 3. Testimony Referencing Inadmissible Evidence

The United States moves to (1) preclude Bruley from testifying that Baker uses illicit narcotics and (2) exclude hearsay statements made by unspecified officer-witnesses that appear in Bruley's report.

Only relevant evidence is admissible. *See* Fed. R. Evid. 402. Whether Baker uses illicit narcotics has no tendency to make a fact of consequence as to Palkowitsch's guilt any more or less probable. *See* Fed. R. Evid. 401. Therefore, such testimony is irrelevant and inadmissible.

As to the unspecified officer-witness statements that the United States seeks to exclude, such statements have not been identified or described with any particularity. Palkowitsch does not dispute that "[a]ny opinion that [an] expert is called upon to provide

3

to the jury must be based upon the evidence that is actually admitted at trial." The doctrine of judicial ripeness "safeguards against judicial review of hypothetical or speculative disagreements." *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000). Here, the Court is left to speculate whether Palkowitsch will introduce inadmissible hearsay statements through Bruley's testimony and, if so, what those statements may be.

Accordingly, the motion of the United States is granted to the extent that it seeks to exclude testimony about Baker's alleged use of illicit narcotics. But the motion is denied to the extent that it seeks to exclude unspecified officer-witness hearsay statements. Objections to specific hearsay statements will be resolved in the course of trial.

4. **Testimony Instructing the Jury on the Legal Standard**

The United States moves to preclude Bruley from instructing the jury on the legal standard governing the use of force by law enforcement and testifying about Minnesota's use-of-force laws and their application to this case.

"[E]xpert testimony on legal matters is not admissible." *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). "Matters of law are for the trial judge, and it is the judge's job to instruct the jury on them." *Id.* The legal standard governing Palkowitsch's use of force against Baker is a legal question. It is the Court's role, and no one else's, to instruct the jury on the law.

Only relevant evidence is admissible. *See* Fed. R. Evid. 402. Minnesota laws governing the use of force by police officers and whether those laws were violated in this

case are not relevant. *Cf. Screws v. United States*, 325 U.S. 91, 108 (1945) (explaining that, in a deprivation-of-rights case, "[t]he problem is not whether state law has been violated but whether an inhabitant of a State has been deprived of a federal right by one who acts under 'color of any law" and "[t]he fact that [the officer's action] is also a violation of state law does not make it any less a federal offense punishable as such").

Accordingly, the United States's motion is granted as to testimony about the legal standards and Minnesota laws governing the use of force by law enforcement.

### 5. Testimony Resolving Disputed Issues of Fact

The United States moves to exclude opinion testimony by Bruley that purports to resolve disputed factual issues. Expert testimony is admissible only if it is helpful to the finder of fact. Fed. R. Evid. 702. Testimony that tells the jury the result it should reach—or the facts it should find—is not admissible. *See Lee*, 616 F.3d at 809. "[T]here is a critical distinction between an expert testifying that a disputed fact actually occurred . . . and an expert giving an opinion based upon factual assumptions, the validity of which [is] for the jury to determine." *Thomas v. Barze*, 57 F. Supp. 3d 1040, 1059 (D. Minn. 2014) (internal quotation marks omitted). "The former is manifestly improper, the latter is not." *Id*. (concluding that the expert's report is inadmissible because "it includes both statements that directly opine on what factually occurred, and otherwise permissible expert opinions which are too intertwined with Defendants' version of events and fail to clarify that assumption"). For these reasons, the United States's motion is granted to the extent that Bruley's testimony shall not include statements that directly opine on whether a disputed fact occurred and shall not provide any opinion without clarifying that his

5

opinion is based on factual assumptions that comport only with Palkowitsch's version of events.

B.  **Character Evidence**

The United States moves to exclude certain character evidence, namely, evidence of specific instances of conduct demonstrating Palkowitsch's good character, such as awards or positive evaluations, and any other character evidence that is "calculated to induce jury nullification or likely to achieve that result." (Dkt. 42.)

If evidence of a person's character or character trait is admissible, testimony as to "specific instances of the person's conduct," if relevant, may be permissible on cross-examination of the character witness. Fed. R. Evid. 405(a). Such evidence is not admissible on direct examination of a witness unless "a person's character or character trait is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b); *see also* Fed. R. Evid. 405 advisory committee's note (recognizing that "testimony of specific instances [of conduct] is not generally permissible on . . . direct examination"). The United States does not identify any evidence of specific instances of conduct demonstrating Palkowitsch's good character that it seeks to exclude. The doctrine of judicial ripeness "safeguards against judicial review of hypothetical or speculative disagreements." *MidAmerican*, 234 F.3d at 1038. Here, the Court is left to speculate as to the nature of any specific instance of good conduct that *may* be introduced. Because this issue is not ripe for a decision by the Court, the United States's motion is denied as premature.

The United States also seeks to preclude Palkowitsch from making improper arguments calculated to induce jury nullification. Palkowitsch denies any intention to make improper arguments such as those the United States seeks to prevent. As there is no dispute to resolve at this time, the United States's motion is denied as to this issue.

### C. Hearsay Statements

The United States moves to preclude Palkowitsch from introducing his self-serving hearsay statements through witnesses other than himself. (Dkt. 43.) Although the United States "has no reason to believe that [defense counsel] plans to do so," the United States seeks a ruling "in an abundance of caution." Palkowitsch has indicated that he does not intend to introduce improper evidence. Because there is no dispute to resolve at this time, the United States's motion is denied.

### D. Impeachment Material

The United States moved for court-ordered deadlines for the parties to provide notice of the materials the parties believe to be relevant and admissible to impeach the other party's officer-witnesses. (Dkt. 44.) As addressed at the pretrial hearing and in the pretrial agenda provided to the parties, both parties must notify opposing counsel and the Court, no later than 7:00 p.m. each day, of the witnesses and exhibits that the party intends to present the next day. In addition, the parties must notify the Court no later than 7:00 a.m. each day whether there are any disputes that the parties wish to address with the Court before the jury is present. In light of these requirements, the United States withdrew its motion pertaining to impeachment material at the pretrial hearing.

### E. References to Disciplinary and Arbitration Proceedings

The United States moves to preclude any reference to the findings and resolution of the disciplinary and arbitration proceedings pertaining to Palkowitsch's use of force against Baker. (Dkt. 46.) Only relevant evidence is admissible. *See* Fed. R. Evid. 402. The findings and resolution of disciplinary and arbitration proceedings are not relevant because they have no tendency to make a fact of consequence as to Palkowitsch's guilt any more or less probable. *See* Fed. R. Evid. 401. As to the fact that these proceedings occurred, or other details about the nature of those proceedings, Palkowitsch argues that such evidence may be admissible to provide context should he attempt to impeach a witness with prior inconsistent statements made during those proceedings. Because the United States has neither specified any other evidence pertaining to the disciplinary and arbitration proceedings that the United States seeks to exclude nor addressed whether any such evidence is admissible, the remainder of the United States's motion is denied as premature. *See MidAmerican*, 234 F.3d at 1038. Accordingly, the United States's motion is granted in part and denied in part.

### F. Extension of Time to File Additional Motions in Limine

The United States moves for an extension of time to file additional motions in limine after Palkowitsch discloses the exhibits he expects to offer at trial. (Dkt. 47.) The Court will address timely objections to the exhibits Palkowitsch offers, if any, during the course of trial. Accordingly, the motion is granted as addressed herein.

## II. Cross-Motions Regarding Baker's History of Interactions with Police

The parties filed opposing motions addressing the admissibility of Baker's history of interactions with police. (Dkt. 45, 60.) The United States seeks to preclude Palkowitsch from introducing evidence of Baker's history of interactions with police as either substantive or impeachment evidence. The United States argues that the evidence is irrelevant, constitutes impermissible character evidence, and does not satisfy the definition of "habit" evidence. The United States also maintains that the risk of unfair prejudice to the United States substantially outweighs any probative value that this evidence may have. Conversely, Palkowitsch seeks to admit "evidence of Frank Baker's frequent contacts with police and his habit of resisting arrest and failing to comply with police orders." Palkowitsch argues that this evidence is admissible as habit evidence and may be used to impeach Baker's claims that he was obeying police commands during the June 24, 2016 incident. Because the burden is on Palkowitsch, the proponent of the evidence, to demonstrate the admissibility of the evidence, *see United States v. Causevic*, 636 F.3d 998, 1004 (8th Cir. 2011), the Court addresses Palkowitsch's arguments first.

"Evidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit . . . ." Fed. R. Evid. 406. The Federal Rules of Evidence offer examples of what constitutes a habit. These examples include always "going down a particular stairway two stairs at a time" or "giving the hand-signal for a left turn." Fed. R. Evid. 406 advisory committee's note. A habit is a behavior that becomes "semi-automatic." *Id*. (quoting *McCormick on Evidence* § 162 (2d ed. 1972)). The Advisory Committee Notes also instruct that, for example, "evidence

9

of other assaults is inadmissible to prove the instant [assault] in a civil assault action." *Id*. Here, the evidence Palkowitsch seeks to introduce is not habit evidence. Resisting arrest and failing to comply with police orders generally are conscious actions, not "semi-automatic" behaviors. Palkowitsch's argument in support of admission is akin to an attempt to admit evidence of other assaults in order to prove that an assault occurred on a particular occasion, which is impermissible. *See id.*

Palkowitsch also moves to admit Baker's criminal history for impeachment purposes. "Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). But on cross-examination, the Court may permit inquiry into a witness's prior conviction if it is probative of the witness's character for truthfulness or untruthfulness. *Id*. Baker's history of interactions with police and his failure to comply with police commands are not probative of his character for truthfulness. Rather, it appears that the purpose of offering such evidence is to show propensity, namely that, because Baker failed to obey police commands on past occasions, he is more likely to have failed to obey police commands during the June 24, 2016 incident. Such propensity evidence is impermissible character evidence. *See* Fed. R. Evid. 404.[2]

---

[2] In a footnote, Palkowitsch asserts that Baker's criminal history is admissible as evidence of his intent not to comply with police commands. Fed. R. Evid. 404(b)(2). Palkowitsch provides no further analysis and does not demonstrate how Baker's subjective intent is relevant or probative of any material issue in this case.

Moreover, as the United States argues, Baker's history of interactions with police—outside of those convictions that satisfy the requirements of Rule 609—are irrelevant and therefore inadmissible. Fed. R. Evid. 402. Because Palkowitsch had no knowledge of Baker's criminal history or prior contacts with law enforcement, that evidence has no tendency to make any fact of consequence to Palkowitsch's guilt more or less probable. *See* Fed. R. Evid. 401.

As Palkowitsch advances no other argument as grounds for the admissibility of this evidence, his motion is denied.

This does not end the Court's inquiry, however. The United States has moved to preclude Palkowitsch from introducing any evidence of Baker's prior criminal convictions except for two: a 2016 felony conviction of domestic assault and a 2016 misdemeanor conviction of misuse of an emergency call. Palkowitsch agrees that Baker's 2016 misdemeanor conviction is admissible and responds that Baker's 2014 felony theft conviction also is admissible as impeachment evidence. Palkowitsch makes no mention of Baker's alleged 2016 felony domestic-assault conviction.

Rule 609 of the Federal Rules of Evidence provides that evidence of a criminal conviction is admissible if either (1) the offense was a felony and, where the witness against whom it is introduced is not the defendant in a criminal case, the evidence satisfies the Rule 403 balancing test; or (2) the offense involved a dishonest act or false statement. There is a 10-year limit on the admissibility of such evidence. Fed. R. Evid. 609(b). Here, the parties agree that Baker's 2016 misdemeanor conviction of misuse of an emergency call is admissible because this 3-year-old offense involved a dishonest act

or false statement. *See* Fed. R. Evid. 609(a)(2). The parties disagree, however, as to whether Baker has another conviction that satisfies the Rule 609 requirements. Neither party has supplied the Court with records of either of the purportedly admissible felony convictions—namely, the 2014 felony theft conviction or the 2016 felony domestic-assault conviction. As such, the Court lacks sufficient information on which to rule.

For these reasons, the United States's motion to exclude Baker's criminal history is granted in part and denied in part.

## III. Palkowitsch's Motions

### A. Newspaper Article

Palkowitsch moves to preclude the United States from introducing a newspaper article published in the *St. Paul Pioneer Press* on March 14, 2017. (Dkt. 62.) According to the United States, someone hung this newspaper article in the Saint Paul Police Department locker room with the word "RAT" written above the article's photograph of a police officer who is expected to testify against Palkowitsch. (Dkt. 62.) Palkowitsch objects to the admission of this article on the grounds that it contains inadmissible hearsay and the risk of unfair prejudice to him substantially outweighs any probative value that the article may have. The United States concedes that the written content of the article contains inadmissible hearsay, and the United States has offered to redact those aspects of the article. But the United States argues that the photograph of the police officer in the article, as well as the word "RAT" written above that photograph, are not hearsay. And the United States contends that it will not introduce this exhibit unless

Palkowitsch attacks the credibility of Anthony Spencer and Joseph Dick, witnesses for the United States.

Hearsay is an out-of-court statement offered for the truth of the matter asserted therein. Fed. R. Evid. 801(c). Generally, hearsay is inadmissible. Fed. R. Evid. 802. And even relevant and otherwise admissible evidence may be excluded if its probative value is "substantially outweighed" by its danger of unfair prejudice or confusing the issues. Fed. R. Evid. 403. Here, the United States maintains that it seeks to introduce the newspaper article not for its truth, but as context for its witnesses' hesitancy to testify against Palkowitsch and disincentive to lie. For this reason, the newspaper article is not hearsay. Additionally, the United States contends that it will offer the newspaper article only as rehabilitation evidence in the event that the credibility of its witnesses is attacked, and that the United States will agree to redact any hearsay or unduly prejudicial statements that appear in the body of the newspaper article. Based on these arguments, if used for this limited purpose, the newspaper article has probative value that is not substantially outweighed by any risk of unfair prejudice or confusion of the issues. The Court will entertain a motion to instruct the jury when the evidence is presented as to the limited use of this evidence.

For these reasons, Palkowitsch's motion to preclude the United States from offering the newspaper article in evidence is denied.

**B.  Opinion Testimony**

Palkowitsch moves to preclude the United States from asking its witnesses to opine about Palkowitsch's fitness to be a police officer. (Dkt. 64.) The United States

agrees not to elicit such opinion evidence. In light of this representation, there is no dispute as to this issue. Palkowitsch's motion is denied as moot.

C.  R.E.'s Photographs and Testimony

Palkowitsch also moves to exclude photographs of Baker in a hospital bed that allegedly were sent from Palkowitsch's cell phone to R.E., another police officer, and to preclude any testimony from R.E. about *why* she believes Palkowitsch sent the photographs. (Dkt. 77.) In response, the United States contends that it does not intend to offer any such photographs in evidence. As such, this aspect of Palkowitsch's motion is moot.

The parties continue to dispute, however, whether R.E. may testify about *why* Palkowitsch sent the photographs. Only relevant evidence is admissible. Fed. R. Evid. 402. Palkowitsch is charged with violating 18 U.S.C. § 242. As addressed above, to convict Palkowitsch under that statute, the United States must prove beyond a reasonable doubt four elements, including that Palkowitsch acted willfully, such as with the "specific intent to deprive [Baker] of his constitutional rights." *Boone*, 828 F.3d at 711. "Willfulness and intent need not be proven by direct evidence, but may also be proven by circumstantial evidence and frequently cannot be proven in any other way." *United States v. Hern*, 926 F.2d 764, 767 (8th Cir. 1991) (internal quotation marks omitted).

The United States intends to elicit testimony from R.E. that she understood, from the tone of Palkowitsch's text messages, that he was bragging to her about the injuries he inflicted on Baker. According to the United States, this evidence is relevant to establish that Palkowitsch acted willfully. *See, e.g.*, *United States v. Smith*, 811 F.3d 907, 909 (7th

14

Cir. 2016) (affirming excessive-force conviction in which the district court admitted evidence that defendant law enforcement officer bragged to other officers about the injuries he inflicted on the victim); *United States v. Conatser*, 514 F.3d 508, 513, 518 (6th Cir. 2008) (same); *United States v. Daniels*, 281 F.3d 168, 180 n.11 (5th Cir. 2002) (same). Palkowitsch contends that there is no foundation for R.E.'s anticipated testimony, which is based on "R.E.'s conjecture about why [the messages] were sent."[3]

Without more, R.E.'s anticipated testimony is her *opinion* as to Palkowitsch's purpose in sending her the photographs of Baker in a hospital bed. A lay witness's opinion testimony must be "rationally based on the witness's perception." Fed. R. Evid. 701(a). The United States asserts that R.E.'s opinion is rationally based on her perception of the tone of Palkowitsch's text messages. Palkowitsch argues that his tone could not have been perceived through a text message. The resolution of this dispute depends on the nature of the foundation, if any, that the United States is able to lay with respect to R.E.'s memory of the contents of the text messages she received. Because that cannot be determined at this stage of the proceedings, a ruling on this issue is premature.

Accordingly, Palkowitsch's motion is denied.

**ORDER**

Based on the foregoing analysis and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

---

[3] Palkowitsch also argues that R.E.'s testimony about text messages Palkowitsch sent would be hearsay. But Palkowitsch's out-of-court statements are statements of a party opponent and, therefore, not hearsay. *See* Fed. R. Evid. 801(d)(2)(A).

1. Plaintiff United States of America's first motion in limine, (Dkt. 41), is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The United States's motion to preclude Mark Bruley from providing expert testimony regarding Defendant Brett Palkowitsch's mental state is **GRANTED**.

   b. The United States's motion to preclude Bruley from testifying about the reasonableness of Palkowitsch's use of force is **GRANTED**.

   c. The United States's motion to exclude testimony about Frank Baker's alleged use of illicit narcotics is **GRANTED**, but the United States's motion to preclude Bruley from testifying about unspecified officer-witness statements contained in his report is **DENIED**.

   d. The United States's motion to preclude Bruley from instructing the jury on the legal standard governing use of force is **GRANTED**.

   e. The United States's motion to preclude Bruley from testifying about opinions that resolve disputed factual issues is **GRANTED**.

2. Plaintiff United States of America's second motion in limine, (Dkt. 42), is **DENIED**.

3. Plaintiff United States of America's third motion in limine, (Dkt. 43), is **DENIED**.

4. Plaintiff United States of America's fifth motion in limine, (Dkt. 45), is **GRANTED IN PART** and **DENIED IN PART** as addressed herein.

5. Plaintiff United States of America's sixth motion in limine, (Dkt. 46), is **GRANTED IN PART** as to the findings and resolution of the disciplinary and arbitration proceedings and **DENIED IN PART** as to the remainder of the motion.

6. Plaintiff United States of America's seventh motion in limine, (Dkt. 47), is **GRANTED** as addressed herein.

7. Defendant Brett Palkowitsch's first motion in limine, (Dkt. 60), is **DENIED**.

8. Defendant Brett Palkowitsch's second motion in limine, (Dkt. 62), is **DENIED**.

9. Defendant Brett Palkowitsch's third motion in limine, (Dkt. 64), is **DENIED**.

10. Defendant Brett Palkowitsch's fourth motion in limine, (Dkt. 77), is **DENIED**.


Dated: November 8, 2019          s/Wilhelmina M. Wright
         Wilhelmina M. Wright
         United States District Judge