UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 19-cr-00013-WMW-DTS |
| | ) | |
| BRETT PALKOWITSCH, | ) | Hon. Wilhelmina M. Wright |
| Defendant. | ) | United States District Judge |

**JOINT SENTENCING AGREEMENT**

The United States of America, by and through Pamela S. Karlan, Principal Deputy Assistant Attorney General for Civil Rights, and Special Litigation Counsel Christopher J. Perras, and Defendant Brett Palkowitsch, by and through counsel Deborah Ellis (together, "the parties"), respectfully file this joint sentencing agreement, pursuant to which the United States agrees to recommend a sentence of no more than 60 months of imprisonment; and Defendant Palkowitsch agrees to recommend a sentence of no less than 48 months of imprisonment, to waive the right to appeal his conviction, and to accept responsibility for his actions, in open court, by apologizing for his use of excessive force. The parties respectfully submit that this joint sentencing agreement is in the interest of justice.

**I.   Background**

Brett Palkowitsch, then a St. Paul police officer, was charged in a single-count Indictment with depriving Frank Baker of his Fourth Amendment right to be free from unreasonable force by a police officer, in violation of 18 U.S.C. § 242. (Doc. No. 1). The Indictment alleged, more specifically, that the Defendant "repeatedly kicked [Frank Baker] while [Frank Baker] was on the ground and a police canine was biting [Frank Baker]"; that the offense "involved the use of a

1

dangerous weapon" (the Defendant's shod foot); and that Defendant's kicks "resulted in bodily injury to [Frank Baker]" (several broken ribs and two collapsed lungs). Id.

Trial began on November 12, 2019.  Ten witnesses testified for the prosecution: St. Paul Chief of Police Todd Axtell; current and former St. Paul police officers Rachelle Erickson, Jason Brodt, Joseph Dick, Brian Ficcadenti, Mark Ficcadenti, Anthony Spencer, and Dominic Dzik; Physician Jessie Nelson; and Use-of-Force Expert Stuart Robinson.  Eleven witnesses testified for the defense: current and former St. Paul police officers Brian Nowicki, Jason Brodt, Douglas Whittaker, Cory Tell, Chris Hamblin, Chenoa Fields, Ashley Leopold; FBI Case Agent Bradley Murkins, Victim Frank Baker; Defendant Brett Palkowitsch; and Use-of-Force Expert Mark Bruley. On November 26, 2019, after a nine-day trial, the jury returned a guilty verdict. (Doc. No. 100).

The Probation Department conducted a pre-sentence investigation, filed a preliminary pre-sentence report, and set a deadline for objections. (Doc. Nos. 117, 118).  The United States filed a response stating that the United States agreed with the preliminary pre-sentence report's proposed factual findings and Guidelines calculations. (Doc. No. 120).  Defendant Palkowitsch sent a 12-page letter response to the Probation Department lodging several objections to the preliminary pre-sentence report's proposed factual findings and Guidelines calculations.  On February 12, 2020, the Probation Department filed the final pre-sentence report, which calculated, "[b]ased upon a total offense level of 29 and a criminal history category of I," that Defendant Palkowitsch's "guideline imprisonment range is 87 months to 108 months," and that "the maximum term of imprisonment is 10 years." (Doc. No. 125).

On February 26, 2020, the parties filed briefs setting forth their respective positions on sentencing.  (Doc. Nos. 127, 128).  The United States asked the Court "to adopt the factual findings and advisory Guidelines calculations in the final pre-sentence report, and to sentence

Defendant Palkowitsch to 87 months of imprisonment, the low end of his Guideline range." (Doc. No. 127).  Defendant Palkowitsch asked the Court "to calculate his advisory guideline range at 21–27 months and grant him departures and a variance from the advisory guideline range and place him on probation." (Doc. Nos. 128).

In an effort to bridge this gap, Defendant Palkowitsch, through counsel, proposed a joint sentencing agreement, pursuant to which he would waive his right to appeal and would make a public apology, and in exchange, the United States would agree to the sentencing recommendations contained herein.  Thereafter, the parties entered into this Joint Sentencing Agreement, and in light of the nature of the agreement, each party agreed to forego filing a reply brief to the opposing party's position on sentencing, unless Court requests further written briefing.

Defendant Palkowitsch's sentencing hearing is scheduled for Friday, May 21, 2021.

## II. Sentencing Recommendations

The United States agrees to recommend a sentence of no more than 60 months of imprisonment, and Defendant Palkowitsch agrees to recommend a sentence of no less than 48 months of imprisonment.  Defendant Palkowitsch may make any argument in support of his sentencing recommendation that is not inconsistent with the jury's guilty verdict and his acceptance of responsibility for his actions.  The parties' sentencing recommendations are not binding on the Court, and the parties are bound by the agreed-upon terms of this Joint Sentencing Agreement regardless of the sentence the Court ultimately imposes.

### III.     Defendant's Waiver of Right to Appeal His Conviction

Defendant Palkowitsch understands that, absent this agreement, he would have the right to appeal his conviction, which would include, but would not be limited to, the right to appeal his guilt or innocence, the right to appeal the constitutionality of the statute of conviction, and the right to appeal the application of that statute to his actions. Defendant Palkowitsch also understands that, absent this agreement, he would have the right to challenge his conviction in a post-conviction proceeding. Defendant Palkowitsch has discussed these rights with his attorney, understands their scope, and has knowingly, intelligently, and voluntarily waived them. Defendant Palkowitsch retains the right to appeal his sentence, but only if it exceeds the government's agreed-upon recommendation of 60 months of imprisonment.

### IV.     Defendant's Public Apology

Defendant Palkowitsch agrees to publicly apologize for his use of excessive force.

### V.     Effect of Agreement

This Joint Sentencing Agreement is the entire agreement and understanding between the United States and Defendant Palkowitsch with respect to sentencing. Once signed by Defendant Palkowitsch, his counsel, and counsel for the United States, the agreement is in effect and binding on the parties. At any point thereafter, if either party breaches any of its obligations under this agreement, the other party is no longer bound by the terms of this agreement.

## VI.  Representations and Signatures

I, **BRETT PALKOWITSCH**, have read this Joint Sentencing Agreement and have discussed it with my attorney. I fully understand the agreement and enter into it knowingly, voluntarily, and without reservation. I have not been threatened, intimidated, pressured, or coerced in any manner. I am not under the influence of any substance or circumstance that could impede my ability to understand the agreement and its consequences. I affirm that absolutely no promises, agreements, understandings, or conditions have been made, agreed to, or imposed by the United States in connection with sentencing except those set forth in this agreement. I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be. I understand that the agreed-upon sentencing recommendations set forth in this agreement are not binding on the Court, and that I remain bound by the terms of this agreement regardless of the sentence the Court ultimately imposes.

_____          DATE: 5/14/21
**BRETT PALKOWITSCH**
Defendant

I have read the Joint Sentencing Agreement and have discussed it with my client, **BRETT PALKOWITSCH**. I am satisfied that the defendant understands the terms of the agreement and his obligations under the agreement. I am also satisfied that the defendant is entering into the agreement knowingly and voluntarily. This agreement accurately and completely sets forth the entire agreement between the defendant and the United States.

_____          DATE: 5-14-21
**DEBORAH ELLIS**
Counsel for Defendant

5

I accept and agree to this Joint Sentencing Agreement on behalf of the United States. This agreement accurately and completely sets forth the entire agreement between the defendant and the United States.

UNITED STATES OF AMERICA, by

PAMELA S. KARLAN
PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL

DATE: 5/14/21

Christopher J. Perras, MA BN 682002
Special Litigation Counsel
Civil Rights Division
Department of Justice
150 M Street, NE
Washington, DC 20002
Telephone: (202) 353-5939
E-mail: christopher.perras@usdoj.gov