# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2252
_____

United States of America

*Plaintiff - Appellee*

v.

Brett Palkowitsch

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 15, 2022
Filed: June 10, 2022

_____

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

    A jury found Brett Palkowitsch guilty of willfully depriving Frank Baker of his Fourth Amendment right to be free from unreasonable force, in violation of 18 U.S.C. § 242, and the district court[1] sentenced Palkowitsch to 72 months

---

[1] The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

imprisonment and 3 years supervised release. Palkowitsch appeals his sentence, arguing that the district court committed both procedural and substantive error. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Palkowitsch served for six years as a police officer in St. Paul, Minnesota. On June 24, 2016, the St. Paul Police Department received an anonymous 911 call reporting a fight outside an apartment building. The caller provided a description of a black male with dreadlocks who was wearing a white t-shirt and carrying a gun. Six officers responded to the call. The first two officers to arrive saw no signs of a disturbance, but they did observe Baker, the victim, sitting in a parked vehicle behind the apartment building. Baker is black, and at the time, he had dreadlocks and wore a white t-shirt. The first two officers radioed dispatch to inform the other four officers, including Palkowitsch, that no fight had been observed. The other officers arrived shortly after the radio dispatch.

One of the newly arrived officers was a canine officer who had his canine with him. After the canine officer noticed Baker, the officer ordered Baker to exit his vehicle. Baker complied. The canine officer then ordered Baker to put his hands in the air, and Baker began to comply. However, because the canine officer apparently could not see both of Baker's hands, he released the canine. The canine bit Baker's leg and pulled him to the ground. The other officers, including Palkowitsch, gathered and formed a semi-circle around Baker. Baker screamed and flailed his arms as the canine continued to bite him. Palkowitsch yelled at Baker not to move and then kicked Baker twice in his ribcage. When the canine again pulled on Baker's leg, Baker sat up, leading Palkowitsch to kick him a third time in his ribcage. Palkowitsch then handcuffed Baker, and the canine officer removed the canine. Baker had difficulty standing and complained that he could not breathe. The officers searched the area and found no weapons or other evidence to suggest that Baker was involved in the incident described by the 911 caller. Palkowitsch acted contrary to training that he received as a St. Paul police officer, which instructed that an officer

should not use additional force once a police canine bites a suspect unless the canine officer requests it. The canine officer never asked Palkowitsch to use force, and no other officer used force against Baker.

An ambulance transported Baker to a hospital for medical treatment. Baker sustained broken ribs and two collapsed lungs due to Palkowitsch's kicks. He underwent surgery for the collapsed lungs. Baker also sustained injuries to his leg from the canine bites, which required a separate surgery and skin grafts. While Baker received treatment, Palkowitsch bragged at the police station about his actions, including the fact that his third kick "got that fucker good." Palkowitsch also sent a text message to another officer commenting on Baker's broken ribs and including a photograph of Baker lying in a hospital bed. Palkowitsch filed an incident report, but he omitted the fact that, when he repeatedly kicked Baker, the canine was biting Baker's legs and Baker was screaming in pain.

The canine officer cited Baker for obstructing the legal process in connection with the incident. Baker was charged with obstructing the legal process, but the prosecuting attorney later dropped the charge due to insufficient evidence. Baker subsequently filed a complaint with the St. Paul Police Department, leading it to open an internal investigation into the incident and hold an administrative proceeding. Two officers testified against Palkowitsch at the administrative proceeding. In response, another officer cut out a newspaper article discussing the incident with Baker, wrote "rat" above the photograph of one of the testifying officers included in the article, and posted the clipping near the other testifying officer's locker. The canine officer who released the canine on Baker chose to testify for Palkowitsch rather than against him in fear of retaliation. The St. Paul Police Department terminated Palkowitsch in November 2016 for his excessive use of force, but he was reinstated after he filed a grievance. Following Palkowitsch's conviction in this case, he was again terminated.

A grand jury returned a one-count indictment, charging Palkowitsch with deprivation of civil rights under color of law in violation of 18 U.S.C. § 242. The

-3-

indictment alleged that Palkowitsch repeatedly kicked Baker while Baker was on the ground and incapacitated by a police canine; the offense involved the use of a dangerous weapon, a shod foot; and the offense resulted in bodily injury to Baker. At the conclusion of a jury trial, Palkowitsch was convicted.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR).  The PSR found a total United States Sentencing Guidelines offense level of 29 and a criminal history category of I.  It calculated Palkowitsch's Guidelines range as 87 to 108 months imprisonment.  Pursuant to a joint sentencing agreement, Palkowitsch requested a sentence of no less than 48 months imprisonment, and the United States recommended a sentence of no more than 60 months imprisonment.  In the parties' sentencing position papers and at sentencing, they cited comparator cases involving allegedly similar circumstances to support their respective sentence recommendations, emphasizing the importance of avoiding unwarranted sentencing disparities.

The district court accepted the PSR's Guidelines range calculation and imposed a below-Guidelines sentence of 72 months imprisonment and 3 years supervised release.  It reviewed the sentencing factors listed in 18 U.S.C. § 3553(a) and explained why the sentence length was sufficient but not longer than necessary. The district court emphasized Palkowitsch's duty, as a police officer, to protect the public and how his actions contributed to the community's distrust of police.  It also reviewed the circumstances of the offense, highlighting Baker's innocence and injuries as well as the retaliation faced by officers who spoke up against Palkowitsch. The district court welcomed Palkowitsch's apology at sentencing, which the sentencing agreement required, but it noted his general lack of remorse following the incident.  The district court also recognized that Palkowitsch had done "many good things" in life and suffered collateral consequences because of the incident. The district court did not address by name the comparator cases cited by the parties, though it explained that the sentence was sufficient "to avoid unwarranted disparities between [Palkowitsch's] sentence and the sentences of defendants with similar records who have been found guilty of similar offenses and conduct."

II.

Palkowitsch first argues that the district court committed procedural error by failing to adequately explain the sentence imposed. A district court commits procedural error if it fails to adequately explain the chosen sentence. United States v. Godfrey, 863 F.3d 1088, 1094-95 (8th Cir. 2017). "In reviewing the sentence for procedural errors, we review a district court's interpretation and application of the guidelines de novo and its factual findings for clear error." Id. at 1095 (citation omitted).

At sentencing, both Palkowitsch and the government cited comparator cases involving allegedly similarly situated law enforcement officers convicted of civil rights violations. Palkowitsch offered cases with lower sentences, while the government highlighted cases with higher sentences, which Palkowitsch attempted to distinguish from his own. Palkowitsch urged the district court to adopt his sentence recommendation to avoid unwarranted disparities with the comparator cases. Palkowitsch claims that the district court failed to address the comparator cases and that this failure amounted to the district court erroneously rejecting a non-frivolous argument without explanation.

The district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall v. United States, 552 U.S. 38, 50 (2007). "'All that is required' for an adequate explanation is for the sentencing judge to '"set[] forth enough to satisfy [us] that he has considered the parties' arguments and has a reasoned basis"' for the sentence imposed." United States v. Mays, 993 F.3d 607, 619 (8th Cir. 2021) (alterations in original) (citation omitted). Notably, "[n]ot every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." Id. (citation omitted).

This Court does not require a district court to expressly acknowledge and address comparator cases identified by a defendant in imposing a sentence. "Although sentencing-disparity arguments are properly raised to the district court,

-5-

'we decline to impose a procedural requirement that a district judge . . . must compare and contrast the defendant under consideration with a similar offender who has been sentenced by another federal judge.'" United States v. McElderry, 875 F.3d 863, 864 (8th Cir. 2017) (per curiam) (alteration in original) (citation omitted). "When the argument is, as in this case, that the district court's sentence created unwarranted disparities with the sentences imposed on . . . unrelated offenders by . . . different judges, there is no principled basis for an appellate court to say which defendant[s] received the 'appropriate' sentence." United States v. Keys, 918 F.3d 982, 989 (8th Cir. 2019) (alterations in original) (citation omitted).

We find the district court's explanation of Palkowitsch's sentence adequate. "In determining whether a district court has adequately explained its reasons for imposing a particular sentence, the context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing." Mays, 993 F.3d at 619 (citation omitted). "[W]here, as here, 'issues are raised in sentencing position papers and at the sentencing hearing, a district court is presumed to consider them.'" Id. (citation omitted). Palkowitsch offered comparator cases in his sentencing position papers and again discussed them at sentencing. It is also "clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence." United States v. Fry, 792 F.3d 884, 891 (8th Cir. 2015) (citations omitted). In providing its reasons for the sentence, the district court specifically referenced the need "to avoid unwarranted disparities between your sentence and the sentences of defendants with similar records who have been found guilty of similar offenses and conduct." The district court did not need to provide further explanation, and accordingly we conclude it did not commit procedural error.

### III.

Palkowitsch next contends that the district court imposed a substantively unreasonable sentence. "This court reviews the substantive reasonableness of a sentence for abuse of discretion." United States v. Funke, 846 F.3d 998, 1000 (8th Cir. 2017). "A district court abuses its discretion when it (1) fails to consider a

relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Ballard, 872 F.3d 883, 885 (8th Cir. 2017) (per curiam) (citation omitted). "Where, as here, a district court varies below a properly calculated Guidelines sentence, it is 'nearly inconceivable that the court abused its discretion in not varying downward still further.'" United States v. Jackson, 909 F.3d 922, 925 (8th Cir. 2018) (citation omitted).

Palkowitsch argues that his case presents a unique combination of mitigating circumstances that warrants a shorter sentence than most defendants convicted under 18 U.S.C. § 242. Palkowitsch further claims that his sentence creates an unwarranted sentencing disparity. Like his procedural error argument above, Palkowitsch offers comparator cases to contend that his sentence is longer than those with similar factual circumstances and Guidelines ranges. Finally, Palkowitsch argues that the district court relied on irrelevant and improper factors to justify his sentence. He highlights the district court's discussion of Baker's innocence and injuries, Palkowitsch's lack of remorse and bragging, the retaliation other officers faced after speaking out, and how Palkowitsch's actions contributed to the community's distrust of police.

Upon careful review of the record, we conclude that the district court did not impose a substantively unreasonable sentence, as it properly considered both the mitigating and aggravating factors listed in 18 U.S.C. § 3553. "A district court has 'wide latitude' to assign weight to give[n] factors, and '[t]he district court may give some factors less weight than a defendant prefers or more weight to other factors, but that alone does not justify reversal.'" United States v. Brown, 992 F.3d 665, 673-74 (8th Cir. 2021) (second alteration in original) (citation omitted). Here, the district court expressly acknowledged several mitigating factors, including Palkowitsch's apology at sentencing, the "many good things" he had done in life, and that his actions toward Baker constituted an isolated incident. The district court also heard defense counsel explain that Palkowitsch's actions were not motivated by

-7-

personal animus toward Baker and that he would likely no longer work in law enforcement. See United States v. Carnes, 22 F.4th 743, 751 (8th Cir. 2022) ("We presume the district court properly considered issues argued by the parties at the sentencing hearing even though the district court itself did not discuss the issues."). Nevertheless, the district court gave greater weight to the nature and circumstances of Palkowitsch's offense, his duty to protect the public as a police officer, and his general lack of remorse until sentencing. Ultimately, Palkowitsch's assertion that his mitigating factors compel a shorter sentence "amounts to nothing more than a disagreement with how the district court chose to weigh the § 3553(a) factors." Id.

We reject Palkowitsch's argument that his below-Guidelines sentence creates an unwarranted sentencing disparity. "[A] district court that correctly calculates and carefully reviews the Guidelines range necessarily gives significant weight and consideration to the need to avoid the unwarranted disparity that the Sentencing Commission sought to prevent through its setting of the Guidelines ranges." United States v. Bueno, 549 F.3d 1176, 1181 (8th Cir. 2008). Palkowitsch does not dispute the district court's calculation and review of the Guidelines range for his offense. The district court further indicated its consideration of this factor listed in § 3553(a)(6) by explaining that Palkowitsch's sentence was sufficient "to avoid unwarranted disparities" with "the sentences of defendants with similar records who have been found guilty of similar offenses and conduct."

Finally, we conclude that the district court did not give significant weight to any improper or irrelevant factor in fashioning Palkowitsch's sentence. The district court properly considered Baker's innocence and injuries. See United States v. Dautovic, 763 F.3d 927, 934-35 (8th Cir. 2014) (considering police officer's infliction of serious injury on innocent victim as aggravating circumstance in substantive reasonableness inquiry). Though Baker was also injured by the canine, the district court specifically identified the injuries caused by Palkowitsch— "multiple broken ribs and two collapsed lungs"—at his sentencing. The district court also properly noted Palkowitsch's apparent lack of remorse before his apology at sentencing, which the district court welcomed and acknowledged as

-8-

"noteworthy." See id. (mentioning district court's consideration of defendant's lack of remorse). Further, the district court's mention of the retaliation faced by other officers who spoke up against Palkowitsch's actions and how the incident with Baker contributed to the community's distrust of law enforcement was neither improper nor irrelevant but rather reflected "the nature and circumstances of the offense." The district court recognized both the retaliation and increased distrust as "effects of [Palkowitsch's] conduct . . . . [that] were far-reaching."

IV.

For the foregoing reasons, we affirm the judgment of the district court.

_____