UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 19-CR-00013 (JMB/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Brett Palkowitsch, | |
| Defendant. | |

Katharine Buzicky, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Brett Palkowitsch, self-represented.

This matter is before the Court on Defendant Brett Palkowitsch's Motion for Compassionate Release. (Doc. No. 186.) The Government opposes the motion. (Doc. No. 191.) For the reasons discussed below, the Court denies Palkowitsch's motion.

## BACKGROUND

On November 26, 2019, a jury convicted Palkowitsch of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242. (Doc. No. 107.) A sentencing hearing was initially scheduled for April 2, 2020. (Doc. No. 113.) However, due to the disruptions and concerns occasioned by the emerging COVID-19 pandemic, the sentencing hearing was rescheduled several times and ultimately occurred on May 21, 2021. (Doc. Nos. 135, 136, 137, 138, 140, 144, 146, 147, 162, 163, 167; Doc. No. 186-1 at 8 ¶ 2.) Palkowitsch remained out-of-custody on pretrial release for the 842 days between his initial appearance

1

on January 31, 2019, and sentencing.  (*See* Doc. No. 5; Doc. No. 168 at 2; Doc. No. 181 at 2.)

On May 21, 2021, the Court sentenced Palkowitsch to a term of seventy-two months' (six years') imprisonment, followed by a three-year term of supervised release. (*See* Doc. No. 168; Doc. No. 181.)  Palkowitsch self-surrendered and began serving his sentence at FCI Ashland in June 2021.  (Doc. No. 186-1 at 8 ¶ 4.)

According to Palkowitsch, after some initial meetings with his unit team at FCI Ashland, he discovered that Bureau of Prisons (BOP) had given him 842 days of jail credit and calculated a release date of April 2024.  (Doc. No. 186-1 at 9 ¶¶ 5, 6.)  Palkowitsch told his wife about these credits, and both admit to having been confused about where the credits came from.  (*Id.* ¶ 6; Doc. No. 186 ¶ 6.)  Palkowitsch's wife asked Palkowitsch's appellate counsel to explain the credit calculation.  (Doc. No. 186-1 at 9 ¶ 8.)  Counsel ultimately informed her that, "after speaking with peers through various calls and discussing current cases with staff members at various levels of the BOP," he learned that the credits were given to inmates who were not in-custody during the COVID-19 pandemic.  (*Id.* at 10 ¶ 9.)

BOP released Palkowitsch from custody on May 2, 2023, less than two years after he had begun serving his six-year sentence.  (Doc. No 186 ¶ 8; Doc. No. 186-1 at 12 ¶ 16.) He returned home and enjoyed normal family life with his wife and two children.  (Doc. No. 186 ¶ 10; Doc. No. 186-1 at 12 ¶¶19–22.)  Then, several weeks later, Palkowitsch was told that BOP had made an error in calculating his release date.  (Doc. No. 186 ¶¶ 11, 12; Doc. No. 186-1 at 13 ¶ 26.)  At first, Palkowitsch was told that he would not have to return

2

to custody and would instead be able to serve the remainder of his sentence on home confinement; ultimately, however, he was told that he had to return to BOP custody. (Doc. No. 186 ¶¶ 12, 13; Doc. No. 186-1 at 13 ¶ 28, 14 ¶ 30, 15 ¶ 32.) Palkowitsch and his family were shocked and were not given any clear explanation about what had happened. (Doc. No. 186-1 at 14 ¶ 30, 15 ¶ 32.) Nevertheless, on June 27, 2023, Palkowitsch self-surrendered and has been in custody ever since. (*Id.* at 14 ¶ 30, 15 ¶ 32.)

On July 14, 2023, Shannon Robbins, Senior Deputy Assistant Director of BOP wrote a letter to the Court to notify it of "the untimely release of Brett Palkowitsch." (Doc. No. 191-1.) Robbins told the Court that BOP had mistakenly assumed that Palkowitsch had been in custody from the time of initial appearance on January 31, 2019, until his sentencing and, as a result, had allocated him 842 days of credit for time served. (*Id.* at 1.) Because of this error, the letter stated, BOP had erroneously released him. (*Id.*) Robbins expressed regret for "this unfortunate error." (*Id.* at 2.)

## DISCUSSION

### A.   Compassionate Release

Palkowitsch now seeks compassionate release from custody under 18 U.S.C. § 3582(c)(1)(A). This Court may not modify a term of imprisonment once it has been imposed except as provided by statute. *E.g.*, *United States v. Kachina*, No. 15-CR-68 (ADM/FLN), 2020 WL 2539270, at *1 (D. Minn. May 19, 2020). Under 18 U.S.C. § 3582(c)(1)(A), the Court "may" grant requests for "compassionate" modifications to a sentence only upon a showing of "extraordinary and compelling reasons" and upon

consideration of the factors set forth in 18 U.S.C. § 3553(a), as applicable.[1] 18 U.S.C. § 3582(c)(1)(A); *United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020); *United States v. Edison*, No. 12-CR-00025 (DWF/FLN), 2020 WL 3871447, at *2 (D. Minn. July 9, 2020). As the movant, Palkowitsch has the burden to show that circumstances justifying his compassionate release indeed exist. *E.g.*, *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

The compassionate-release statute "is not a freewheeling opportunity for resentencing." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). Instead, it provides a remedy only if "extraordinary and compelling" circumstances, as set forth the Sentencing Commission's policy statement, exist.[2] *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(b). That policy statement provides the following six categories of extraordinary and compelling reasons that may support compassionate release: (1) the inmate's dire medical circumstances; (2) age (e.g., the inmate is experiencing "a serious deterioration in physical or mental health" caused by old age); (3) family circumstances (e.g., the "death or incapacitation" of an inmate's children's caretaker); (4) abuse suffered

---

[1] A defendant may not file a motion for compassionate release with this Court until after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Palkowitsch made a request for compassionate release to his warden on March 1, 2024. (Doc. No. 186-1 at 2; Doc. No. 186 ¶ 2.) The Government concedes that Palkowitsch's motion is ripe for consideration. (*See* Doc. No. 191 at 5.)

[2] The Eighth Circuit has admonished both that U.S.S.G. § 1B1.13 and its commentary "may not be ignored" but also that it is "not binding." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

4

in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons"; and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).

Here, Palkowitsch urges that "other reasons" justify his release. (*See* Doc. No. 186.) The Sentencing Commission's catch-all "other reasons" category contemplates only circumstances that are "similar in gravity" to the other categories. U.S.S.G. § 1B1.13(b)(5). As such, "other reasons" are found in circumstances as weighty as "terminal cancer and serious bodily injury committed by the BOP staff," *United States v. Frezzell*, No. 17-CR-0208, 2024 WL 3328711, at *6 (W.D. Pa. July 8, 2024), or that the inmate's children have no available caregiver. *See, e.g.*, *Avalos Banderas*, 39 F.4th at 1062. Here, Palkowitsch argues that he is entitled to compassionate release because "[t]he actions of the BOP were unreasonable and capricious, and caused great emotional distress and harm to the Defendant's wife and children as well as to his mother and other family members" and because his continued incarceration causes financial strain on his wife, who is effectively a single parent and sole earner. (Doc. No. 186 ¶ 19; Doc. No. 186-1 at 2.) The Court acknowledges that Palkowitsch's unexpected return to prison after a brief reunion with his family is extraordinarily unusual and undoubtedly took an emotional toll on Palkowitsch and his family. The Court also acknowledges that the incarceration of a parent often creates a difficult situation in which the unincarcerated parent is made to support a household and children alone. However, Palkowitsch has not provided legal authority to support his particular request and has not established that the present circumstances are extraordinary or compelling in such a way that the compassionate-release statute and governing policy permit the Court to release Palkowitsch from prison—

5

his circumstances are not "similar in gravity" to the circumstances set forth by the Sentencing Commission as warranting compassionate release. U.S.S.G. § 1B1.13(b); *see also United States v. True*, No. 5:15-CR-55-KKC, 2024 WL 4376264, at *1–2 (E.D. Ky. Oct. 2, 2024) (concluding that BOP's error in calculating sentence is not "other reasons" for compassionate release).

Absent identification of an extraordinary and compelling reason for Palkowitsch's release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b), the Court need not consider the factors under 18 U.S.C. § 3553(a). Palkowitsch's motion for compassionate release is denied.

**B.      Arguments Not Properly Before the Court**

Next, Palkowitsch argues that the BOP has "further violated its obligations to the Defendant and his family by failing to follow the First Step Act statutes that require it to allow eligible federal inmates to earn anti-recidivism time credits" from sentencing until release from home confinement. (Doc. No. 186 ¶ 22.) However, the proper vehicle to challenge the BOP's calculation of a federal sentence is a writ of habeas corpus, not a motion for compassionate release. *E.g.*, *Barker v. Warden F.C.I. Sandstone*, No. 16-CV-3458 (PAM/DTS), 2017 WL 10979054, at *3 (D. Minn. Oct. 10, 2017) (citing *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002)); *see also United States v. Purpera*, No. 7:18-CR-00019, 7:19-CR-00016, 2024 WL 329541, at *4 (W.D. Va. Jan. 29, 2024) (rejecting defendant's argument on motion for compassionate release that BOP had erred in calculating FSA credits). As a result, Palkowitsch's argument regarding First Step Act time credits is not properly before the Court on a motion for compassionate release.

6

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Defendant Brett Palkowitsch's motion for compassionate release (Doc. No. 186) is DENIED.

Dated:  November 25, 2024  /s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court